## COUNTY OF PROVIDENCE, OCTOBER TERM, 1868, AT PROVIDENCE.

PRESENT:

Hon. GEORGE A. BRAYTON, Chief Justice.
Hon. THOMAS DURFEE,    } Justices.
Hon. ELISHA R. POTTER, }

## Atlas Bank *v.* Louis J. Doyle.

A pledgee of negotiable paper has generally a right to collect the whole amount of securities pledged to him, and account to the pledgor for the surplus over his debt. But in case of accommodation paper pledged, the pledgee can recover of the maker only the amount of the debt due him from the pledgor.

The holder of commercial paper is presumed to be a holder for value, until the contrary is shown; and, by presenting such paper, he makes a *prima facie* case, sufficient to justify a verdict for him, if the defendant does not rebut it. But if the defendant does produce evidence to rebut this presumption, the burden is still on the plaintiff, taking all the testimony together, to show a valuable consideration by a preponderance of proof on his side.

If, however, the defendant, not disputing the original consideration, takes some new ground of defence, as payment, failure of consideration, etc., then the burden is on him to prove this matter of avoidance.

ASSUMPSIT on the check of the defendant on D. W. Vaughan & Company for two thousand dollars, payable to bearer, and

dated June 17, 1867. At the trial of the case before Mr. Justice Potter, with a jury, at the March term of this court, 1868, the plaintiffs produced the check in suit and there rested their case. The defendant then called Thomas H. Brownell, who testified that he was cashier of the Atlas Bank during the year 1867, and as such cashier, received the check in suit from Edward J. Cushing as collateral security towards Cushing's indebtedness to the Bank, and that he paid out no money on the check. On being asked, in cross examination, if the check of Edward J. Cushing, dated June 18, 1867, for two thousand dollars on the Atlas Bank, was not paid on account of the check in suit, he replied that it was not.

The defendant's counsel then moved that the case be sent to an auditor to ascertain the state of the account between Cushing and the bank, claiming that the check in suit having been loaned by the defendant to Cushing without consideration, and by said Cushing pledged to the plaintiffs as collateral security for his indebtedness to them, the plaintiffs could not maintain this action without proof of such indebtedness.

This motion the judge overruled, and instructed the jury that the plaintiffs might maintain their action and recover upon the money counts in their declaration, without reference to the question whether Cushing was or was not indebted to the plaintiffs. Under these instructions, the jury having returned a verdict for the plaintiffs for $2,106.00, the amount of the check and interest, the defendant now moved for a new trial upon the ground of error in law in said instruction.

*Payne, for the motion.*

*Thurston, Ripley & Company, against it.*

POTTER, J. Of the general right of the pledgee to collect notes and securities pledged to him, there can be no doubt. If he could collect only the amount for which the paper was pledged, this would render two suits necessary to collect the whole amount of the note pledged. The pledgee can collect the whole, and account to the pledgor for the surplus over his debt.

But with paper known to be accommodation paper the case is different. If, in this case, the pledgee could collect the whole

of the maker, he could be obliged to pay the surplus over his own claim to the pledgor, who would be in his turn liable to repay such surplus to the maker. We think, therefore, that in case of accommodation paper pledged, the pledgee can recover of the maker only the amount of the debt due him from the pledgor. *Jones* v. *Hibbert,* 2 Starkie, 304 ; 3 Eng. Com. Law, 356 ; *Chicopee Bank* v. *Chapin,* 8 Met. 40 ; Chitty on Bills, 81 ; *Wiffin* v. *Roberts,* 1 Esp. 261.

On the trial of the case, the defendant claimed that the burden of proof (it being a pledge) was on the plaintiffs to show the amount of the defendant's indebtedness ; and the plaintiff, at the hearing before us, claimed that the defendant was obliged to prove that the debt for which the note was pledged as collateral, had been paid wholly or in part.

The holder of commercial paper is presumed to be a holder for value, that is, until the contrary be shown. In the present case, it was proved that the defendant's check (payable to bearer) was pledged by Cushing, to whom it was given, to the plaintiffs, for his (Cushing's) indebtedness. This shows a valuable consideration, and makes the plaintiffs holders for value, even if the indebtedness be fluctuating. Byles on Bills, (side page,) 122 ; *Heywood* v. *Watson,* 4 Bing. 496 ; Chitty on Bills, (side page,) 85 ; *Woodruff* v. *Hayne,* 1 C. & P. 600 ; 1 Starkie, 483.

It is generally sufficient for the holder of such paper to present it ; and it is held to be *prima facie* evidence that he is a holder for value and to the amount expressed. The burden of proof is indeed on the plaintiff to prove a valuable consideration, but by presenting the paper he makes a *prima facie* case, that is a case sufficient to justify a verdict for him if the defendant does not rebut it. But if the defendant does produce evidence to rebut this presumption, the burden is still on the plaintiff, taking all the testimony together, to show a valuable consideration by a preponderance of evidence on his side. *Burnham* v. *Allen,* 1 Gray, 500 ; *Delano* v. *Bartlett,* 6 Cush. 366, (which criticises and explains 1 Cush. 170) ; *Powers* v. *Russell,* 13 Pick. 69, 76.

But if the defendant, not disputing the original consideration,

takes some new ground of defence, for example, payment, failure of consideration, and the like, then the burden is on him to prove this matter of avoidance. *Delano* v. *Bartlett, ante*; 3 Phillips on Evidence, (side page,) 161.

In the present case therefore, it would be sufficient for the plaintiffs in the first instance to produce their check to the jury, which would entitle them to a verdict for the face of it, unless the defendant produced evidence to show that the amount of the indebtedness was either originally less or had been reduced by payment. If he does so, then, taking all the evidence together, the burden of proof would return on the plaintiffs to show themselves entitled to recover the face of the check. Chitty on Bills, (side page,) 638, note c.

A new trial will be granted, on the defendant's filing an affidavit that he has evidence to show that the amount of Cushing's indebtedness to the plaintiffs was less than the amount of the check.